REDMANN, Chief Judge.
This appeal from conviction by jury trial of simple burglary, La.R.S. 14:62, asks that we review the record for errors patent and for sufficiency of the evidence. We have done so. We find no errors patent. We find the evidence sufficient to establish all elements of simple burglary, defined by § 62 as the unauthorized entering of any ... vehicle ... with the intent to commit a felony or any theft therein.... ”
The car owner testified he had not authorized defendant to enter his car. The condition of the burglarized car — window broken, glove compartment open, steering column shroud (where the ignition lock is) disassembled, wires hanging loose — suffice to establish the intent to commit a theft. Defendant’s identity as one of the burglars was established by the arresting officer’s testimony, although denied by defendant’s own testimony that he was merely on the scene where he was arrested to visit a friend and have wash done by another acquaintance (neither of whom testified). The arresting officer testified that he saw two persons exit the burglarized car, that he never lost sight of the one he chased before he caught and arrested him two or three blocks away, and that that person was defendant. The jury evidently did not believe defendant, and did believe the police officer. That evidence sufficed under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
AFFIRMED.